UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANA CARLE,

    Plaintiff,

        v.

BROCKTON DISTRICT COURT
JUDGE, et al.,

    Defendants.

Civil Action No. 3:25-cv-40158-MGM

MEMORANDUM AND ORDER
July 9, 2026

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

Dana Carle ("Plaintiff"), who is representing himself, initiated this action by filing a four-page, handwritten letter addressed to the Clerk of Court that was entered on the docket as a complaint (Compl., Dkt. 1.)  Plaintiff seeks monetary damages from a Brockton District Court Judge, Carle's attorney, an Assistant District Attorney, a Probation Officer and the Commonwealth of Massachusetts.  (*Id.* at 1.)  As best can be gleaned from the allegations, Plaintiff had been civilly committed, was granted parole, and is "presently in a program in Greenfield, MA, called Connections that deals with behavioral modification and substance abuse treatment."  (*Id.* at 3.) Carle states that his "civil rights have been violated" and he seeks "one hundred million dollars."  (*Id.* at 3.)

Carle filed a motion for leave to proceed *in forma pauperis*. (Dkt. 4.)  On June 11, 2026, Carle filed a letter stating although he plans to return to Massachusetts soon, his mailing address is now c/o Ira Carle, P.O. Box 102, Grody Villey, PA  19302. (Dkt. 5.)

For the reasons set forth below, the court allows Carle leave to proceed *in forma pauperis*. If he wishes to proceed with this action, the court grants him time to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure and that sets forth a plausible claim upon which relief may be granted.

## II.  FAILURE TO FILE A COMPLAINT

To initiate a civil action, a plaintiff must file a complaint. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Although Carle's letter contains some factual allegations, it is not fashioned as a complaint that complies with Federal Rules of Civil Procedure 8 and 10.

To the extent that Carle wishes to proceed, he will be granted time to file an amended complaint. Any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. The case caption of a complaint should clearly name each party Carle intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). The complaint must provide "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Carle should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

Although the Court expresses no view on the merits of any amended complaint, Carle is advised that under the doctrine of Eleventh Amendment immunity, it is recognized that States (including their departments, agencies, and officials acting in their official capacities) have immunity from suit in a federal court unless the State has consented to be sued in federal court or Congress has overridden the State's immunity. *See Virginia Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253

2

(2011);[1] *see id.* at 247 ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."). Here, to the extent Carle seeks monetary damages from the Commonwealth, judge, assistant district attorney and probation officer, it does not appear that he can state a claim for which Congress has abrogated, or the Commonwealth has waived, its immunity.

In addition, "[a]bsolute immunity applies to a narrow swath of public officials, including 'judges performing judicial acts within their jurisdiction,' 'prosecutors performing acts intimately associated with the judicial phase of the criminal process,' and agency officials with functions similar to judges and/or prosecutors." *Goldstein v. Galvin*, 719 F.3d 16, 24 (1st Cir. 2013) (quoting *Bettencourt v. Bd. of Regist. in Med. of Mass.,* 904 F.2d 772, 782 (1st Cir.1990)). "The protection afforded by an absolute immunity endures even if the official 'acted maliciously and corruptly' in exercising his judicial or prosecutorial functions." *Id.* (citing *Wang v. N.H. Bd. of Regist. in Med.,* 55 F.3d 698, 702 (1st Cir. 1995)). "It likewise endures 'in the presence of grave procedural errors.'" *Id.* (quoting *Nyestedt v. Nigro*, 700 F.3d 25, 32 (1st Cir. 2012)).

### III.  CONCLUSION

For the reasons set forth above,

1.      The motion (Dkt. 4) for leave to leave to proceed *in forma pauperis* is ALLOWED.

2.      If Carle wishes to proceed with this action, he must, on or before August 9, 2026, file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure and that states a plausible claim upon which relief may be granted.  Failure to comply with this directive on or before August 9, 2026, will result in dismissal of this action.

3.      The clerk shall mail copies of this Memorandum and Order to Plaintiff at the address on the

---

[1] The sovereign immunity of a state is often referred to as "Eleventh Amendment immunity" because the Eleventh Amendment to the United States Constitution "confirm[ed] the structural understanding that States entered the Union with their sovereign immunity intact." *Va. Off. For Prot.*, 563. U.S. at 253.

docket as well as c/o Ira Carle, P.O. Box 102, Grody Villey, PA 19302. In addition, the clerk shall

provide a blank complaint form.

It is So Ordered.

        /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge